# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Lamar Christopher Chapman, III,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 17-1735 (CKK) |
| **L.R. Heath** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing *pro se*, is a prisoner at the Federal Correctional Institution in Loretto, Pennsylvania. This case was recently reassigned to the undersigned judge without a resolution of plaintiff's Emergency Motion for Temporary Restraining Order and Conditional Order for Security Release [Dkt. # 6]. For the reasons explained below, the motion will be denied.

## I. LEGAL STANDARD

Temporary restraining orders and preliminary injunctions are extraordinary remedies. A temporary restraining order can be granted without written or oral notice to the adverse party only if:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1). "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (emphasis in original; quotation marks omitted)). The standard for obtaining injunctive relief through either a temporary restraining order or a preliminary injunction is well established. *See Hall v. Johnson*, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) ("The same standard applies to both temporary restraining orders and to preliminary injunctions." citation omitted)). The movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley*, 644 F.3d at 392) (quoting *Winter*, 555 U.S. at 20) (alteration in original; quotation marks omitted)). When seeking such relief, " 'the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction.' " *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014) (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)). "The four factors have typically been evaluated on a 'sliding scale.' " *Davis*, 571 F.3d at 1291 (citation omitted). Under this sliding-scale framework, "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor."[1] *Id*. at 1291–92.

---

[1] The Court notes that it is not clear whether this circuit's sliding-scale approach to assessing the four preliminary injunction factors survives the Supreme Court's decision in *Winter*. *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015). Several judges on the United States Court of Appeals for the District of Columbia Circuit have "read *Winter* at

Both the United States Supreme Court and the D.C. Circuit have emphasized that a movant must show at least some likelihood of irreparable harm in the absence of an injunction. *See Winter*, 555 U.S. at 22 (holding that a plaintiff must "demonstrate that irreparable injury is likely in the absence of an injunction," and not a mere "possibility"); *CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (holding that a plaintiff must demonstrate " 'at least some injury' for a preliminary injunction to issue . . . [because] 'the basis of injunctive relief in federal courts has always been irreparable harm . . . ' ") (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). This is because a preliminary injunction "ordinarily is sought to preserve the status quo pending the resolution of the underlying litigation . . . . a preliminary injunction that would change the status quo is an even more extraordinary remedy." *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013), *aff'd sub nom. Abdullah v. Obama*, 753 F.3d 193 (D.C. Cir. 2014) (citations omitted).

## II. DISCUSSION

Although plaintiff's motion is difficult to follow, he ultimately seeks an order compelling his "immediate and conditional release . . . at the expense of responsible party, Bureau of Prisons returning plaintiff to his Hinsdale, Illinois residence for [his] medical debriefing, evaluation and personal safety." Mot. at 5. Plaintiff suggests that he "be released on his personal recognizance with a video conference with a U.S. magistrate on a weekly or court-elected, spontaneous basis," *id.*, which is the antithesis of the status quo. Most importantly, though, this civil court lacks jurisdiction to issue the injunction because a prisoner's request for release from custody is the

---

least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.' " *Sherley*, 644 F.3d at 393 (quoting *Davis*, 571 F.3d at 1296 (concurring opinion)). The D.C. Circuit has yet to hold definitively that *Winter* has displaced the sliding-scale analysis. *See Sherley*, 644 F.3d at 393; *see also Save Jobs USA*, 105 F. Supp. 3d at 112. In any event, the Court need not resolve the viability of the sliding-scale approach here because, as will be concluded, it lacks authority to issue the requested injunction.

province of a writ of habeas corpus, which "act[s] . . . upon the person who holds [a prisoner] in what is alleged to be unlawful custody." [2] *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). And "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). This Court in Washington, D.C. cannot exercise habeas jurisdiction over plaintiff's warden in Pennsylvania.

Accordingly, it is

**ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Conditional Order for Security Release [Dkt. # 6] is **DENIED**.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: January 24, 2018

---

[2] That plaintiff must proceed in habeas undermines any argument for a preliminary injunction based on the likely success on the merits factor.