UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Lamar Christopher Chapman, III,** :
:
        **Plaintiff,** :
  **v.** :     Civil Action No. 17-1735 (CKK)
:
**L.R. Heath** *et al.*, :
:
        **Defendants.** :

**MEMORANDUM OPINION**

**I. INTRODUCTION**

On April 23, 2018, the Court dismissed this *in forma pauperis* action brought *pro se* because plaintiff had failed to provide defendants' full names and addresses to enable the court officers to effect service of process. *See* Order [Dkt. 19]. Plaintiff appealed. Based on a submission appended to plaintiff's appellate brief, the U.S. Court of Appeals for the District of Columbia Circuit remanded the case for this Court to consider the document. It suggested that plaintiff may have timely complied with the order to provide the full name and address for each defendant being sued and proposed that plaintiff be allowed to file the document so that this Court could "consider whether the complaint was properly dismissed" and "conduct further proceedings as appropriate." Judgment, No. 18-5169 (D.C. Cir. Mar. 18, 2019).

On remand, plaintiff was directed to file the document that was before the Court of Appeals. *See* May 21, 2019 Order [Dkt. # 39]. In response, plaintiff submitted a "Notice of Filing" containing an assortment of documents [Dkt. # 40]. The Court has retrieved for review and filing in this case the document from the appellate court's file. No. 18-5169, Document

1

#1752248 at 50-51. For the reasons that follow, the Court is satisfied that the dismissal was proper.

## II. ANALYSIS

In the "Registry of Defendants" appended to plaintiff's brief in the Court of Appeals, plaintiff lists: (1) "Rural Route 276, Loretto, Pennsylvania" as the address for four of the six named defendants, including "Mr. John Doe R. Duclos"; (2) "United States Postal Service, Washington, D.C. 20523-0001" as the address for "John Doe L.R. Heate Inspector General"; and (3) "c/o Director/ Secretary of Homeland Security, U.S. Department of Homeland Security, United States Government Campus, Washington, D.C. 20535-0001" as the address for defendant Barry Soetoro " 'Born Alien'-at-Large."

Plaintiff has sued each defendant in his or her "Personal Capacity," Compl. Caption, which generally requires personal service by "(A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each" to the individual's authorized agent. Fed. R. Civ. P. 4(e)(2). To effect personal service, the U.S. Marshal would need a physical address that plaintiff still has not supplied.

Several other reasons inform the Court's decision. First, Barry Soetoro is a variation of "a name associated [often derisively] with former President Barack Obama." *Chapman v. Mehta*, No. 17-cv-2812, Mem. Op. at 2 (D.D.C. Feb. 27, 2018). *See* Compl. at 10-11[1] ("Barry Soetro is a Charlatan . . . Born Alien Deportable Immigrant [and] for the past 47 uninterrupted years criminally impersonating a United States citizen . . . ."); *Chapman v. Obama*, 719 Fed.

---

[1] The page citations are those assigned by the CM/ECF system.

App'x 13 (D.C. Cir. 2018) (case caption listing "Barack Hussein Obama, In His Personal and Individual Capacity As Ineligible Commander In Chief of the Executive Branch of Government; Void Forty Fourth President of the United States of America, also known as Barry Surroro, also known as Barack Dunham, also known as Barry Dunham, also known as Barry Obama, also known as Barry Sierro"); *Hollister v. Soetoro*, 368 Fed. App'x 154 (D.C. Cir. 2010) (per curiam) (case caption listing "Barry Soetoro, in his capacity as a natural person; de facto President in posse; and as de jure President in posse, also known as Barack Obama") (affirming district court's orders dismissing complaint for failure to state a claim and reprimanding attorney "as the sanction for his part in preparing, filing, and prosecuting a legally frivolous complaint") (citations omitted))). It is axiomatic that a former president cannot be served in care of a United States agency.

Second, not only has plaintiff failed to provide the full names of defendants Duclos and "Heate," he has changed the spelling of lead defendant "L.R. Heath" and has added "John Doe" to both names. It also is axiomatic that process cannot be issued for "John Doe" defendants, much less served on them.

Third, plaintiff has provided full names for remaining defendants Bradley, O'Donnell and Davenport and the same rural route address for all three. An internet search associates Rural Route 276 with the Loretto Federal Correctional Institution in Pennsylvania, where plaintiff was once incarcerated, but it is not a mailing address. *See* https://www.inmatessupport.org/business-listing/usa/pennsylvania/loretto-fci.

Fourth, even if plaintiff could supply adequate information for the court officers to attempt personal service, the Court finds no reason to vacate the dismissal order. To justify reopening a dismissed case, a court must have some basis "to believe that vacating the judgment

[or final order] will not be an empty exercise or a futile gesture." *Murray v. D.C.*, 52 F.3d 353, 355 (D.C. Cir. 1995). Otherwise, it is left with reinstating the case only "to promptly dismiss" it. *See Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014) ("What could be a more 'futile gesture' than reinstating an appeal only to then immediately dismiss it?").

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff is a self-described "life-long, public servant, federal discoverer," among other titles. Compl. at 7; *see* Compl. Caption ("Saint" and "Eminence" Chapman). The Court has painstakingly read plaintiff's complaint, which is neither short nor plain. On the contrary, the pleading consists of 54 pages and an additional 79 pages of attachments. The complaint "is excessively long, rambling, disjointed, incoherent, [and] full of . . . confusing material . . . and [inappropriate] personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations and internal quotation marks omitted). It "patently fail[s]" Rule 8(a)'s pleading standard. *Id*. In the absence of an intelligible amended complaint, reopening this matter would be an exercise in futility.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes after consideration of plaintiff's "Registry of Defendants" that (1) the dismissal was proper and (2) reopening this matter would be pointless.  Consequently, the case will remain closed.  A separate order accompanies this Memorandum Opinion.

```
                                               _____s/s_____
                                               COLLEEN KOLLAR-KOTELLY
DATE:  October 31, 2019                        United States District Judge
```